IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03506-BNB

ALPHEOUS L. GORDON, a.k.a. ORVILLE OWEN,

    Plaintiff,

v.

USP FLORENCE, ADX MAX,
REGIONAL COUNSELS STAFF,
WARDEN D. BERKEBILE,
AW JOHNSON,
AW MS. HALL,
COMPLEX CAPTAIN W. PLILER,
S.I.A. RUTH KRIST,
S.I.S. MARTY BIER,
UNIT MANAGER D. SPROUL,
T. GOMEZ,
CASE MANAGER K. FLUCK,
COUNSELOR W. HAYGOOD,
COUNSELOR S. HANSEN,
REGIONAL COUNSEL DAVIS, and
PAUL LAIRD,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Alpheous L. Gordon, a.k.a. Orville Owen, initiated this action by filing a *pro se* Complaint. On December 30, 2013, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to submit his claims on a proper Court-approved form. After several extensions of time, Plaintiff finally complied and filed his claims on a Court-approved form used in filing prisoner complaints. Magistrate Judge Boland reviewed the Complaint and entered an order on March 5, 2014, directing Plaintiff to amend the

Complaint pursuant to Fed. R. Civ. P. 8. Specifically, Magistrate Judge Boland directed Plaintiff to present his claims clearly and concisely and in a manageable format. Plaintiff also was instructed to state what each defendant did to violate his rights, when he did it, how the action harmed him, and what specific legal right was violated. Plaintiff filed an Amended Complaint on March 27, 2014.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The Court agrees that Plaintiff failed to comply with Rule 8 and Magistrate Judge Boland's directive to amend was correct.

The Amended Complaint, ECF No. 31, like Plaintiff's other Complaint, ECF No. 23, is prolix, unintelligible, and is not organized in a manner that allows the Court to determine the supporting facts for each of the claims. Plaintiff identifies three claims, including a "violation of my due process," "conspiracy to cover up fraud," and "violation of my 1-5-6-4-16 Amendments." Each of the claims state an incomprehensible narrative of incidents. The claims are disjointed, rambling, and do not identify who is

responsible for any properly alleged constitutional violations. Therefore, the action will be dismissed because Plaintiff has failed to comply with the March 5, 2014 Order.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Plaintiff fails to provide a clear and concise statement of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with a Court order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of      April        , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court