IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03506-LTB

ALPHEOUS L. GORDON, a.k.a. ORVILLE OWEN,

    Plaintiff,

v.

USP FLORENCE, ADX MAX,
REGIONAL COUNSELS STAFF,
WARDEN D. BERKEBILE,
AW JOHNSON,
AW MS. HALL,
COMPLEX CAPTAIN W. PLILER,
S.I.A. RUTH KRIST,
S.I.S. MARTY BIER,
UNIT MANAGER D. SPROUL,
T. GOMEZ,
CASE MANAGER K. FLUCK,
COUNSELOR W. HAYGOOD,
COUNSELOR S. HANSEN,
REGIONAL COUNSEL DAVIS, and
PAUL LAIRD,

    Defendants.

## ORDER

At issue is the Letter, ECF No. 38, Plaintiff filed with this Court on May 5, 2014, requesting an extension of time to reply to the dismissal in this case and for extended time to appeal. The Court construes Plaintiff's request to toll the time to appeal as filed pursuant to Fed. R. App. P. 4(a)(5)(A) and as a request to toll the time to ask for reconsideration of the dismissal.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil case must be filed with the clerk of the district court within thirty days after the judgment or order appealed from is entered. Pursuant to Rule 4(a)(5)(A), the district court may extend the time to file a notice of appeal if the party moves for an extension of time within thirty days after the time provided in Rule 4(a)(1)(A), and, regardless of whether the motion is filed before or during the thirty days after the time to appeal expires, the party shows excusable neglect or good cause.

Plaintiff's request was filed within the time required but has failed to show excusable neglect or just cause for the extension as required under Rule 4(a)(5)(A)(ii).

Furthermore, it is clear that the Court is not empowered to grant Plaintiff an additional thirty days to file a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) specifies that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  Fed. R. Civ. P. Rule 6(b) grants the district court limited authority to extend various time limits under the rules.  Rule 6(b)(2) provides that the court "must not extend the time to act under Rule[ ] . . . 59(b), (d) and (e) . . . ." *See also Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) ("Rule 6(b) expressly prohibits a trial court from extending the time to file [a Rule 59(e)] motion.").  Rule 59 provides no exceptions to the twenty-eight day rule.  Thus, Plaintiff's request for an extension of time to request reconsideration of the dismissal will be denied.

Finally, Plaintiff may obtain all Court forms, including a Notice of Appeal form, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Accordingly, it is

ORDERED that Plaintiff's request for an extension of time to file a notice of appeal, ECF No. 38, filed on May 5, 2014, is DENIED pursuant Fed. R. App. P. 4(a)(5)(A)(ii).  It is

FURTHER ORDERED that Plaintiff's request for extension of time to request reconsideration, ECF No. 38, filed on May 5, 2014, is DENIED due to lack of Court authority.

DATED at Denver, Colorado, this  7th   day of    May         , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court